Filed 12/14/22  P. v. Spharler CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C095867 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CR-002430) |
| v. | |
| BRANDON LYLE SPHARLER, | |
| Defendant and Appellant. | |

Defendant Brandon Lyle Spharler pleaded guilty to vehicular manslaughter and driving under the influence; he also admitted a prior strike.  The trial court sentenced him to 15 years in prison, including the 10-year upper term on the vehicular manslaughter conviction.  On appeal, defendant contends the trial court abused its discretion by imposing the upper term and refusing to strike the five-year enhancement under Senate Bill No. 1393 (2017-2018 Reg. Sess.).  We affirm.

1

# BACKGROUND[1]

While driving his vehicle, defendant struck two pedestrians, killing one and seriously injuring another. Defendant remained at the scene until law enforcement officers arrived. Defendant appeared to be under the influence and could not complete a field sobriety test. The responding officer retrieved a text message from defendant's phone which asked for an individual to bring defendant additional drugs before he was sent to jail. Defendant confirmed he recently used methamphetamine and heroin; the responding officer arrested him.

Defendant pleaded guilty to vehicular manslaughter (Pen. Code, § 191.5, subd. (a))[2] and driving under the influence. (Veh. Code, § 23153, subd. (f).) Defendant admitted a prior serious felony conviction and agreed to a lid of 15 years in state prison.

The probation report identified numerous prior convictions in aggravation, and satisfactory prior performance on probation in mitigation.

At sentencing, defendant argued for probation so he could return to a residential treatment program that would aid him in maintaining sobriety. Alternatively, if the court decided to impose a prison sentence, defendant argued the trial court should strike the prior serious felony enhancement and leave him with a 10-year prison term for the vehicular manslaughter count. Defendant specifically argued that he was remorseful and previously completed drug court, but he lacked access to residential treatment programs during COVID. The trial court asked whether defendant's argument applied to sentencing as well and defendant answered affirmatively. After considering the arguments of both parties and reviewing the probation report, the court denied defendant's requests.

---

[1] The parties stipulated that the California Highway Patrol report, detailed in the probation report, would serve as the factual basis for defendant's plea.

[2] Undesignated statutory references are to the Penal Code.

The trial court denied probation because, if defendant was not incarcerated, he posed a "grave public safety risk." In reaching its determination not to strike the prior serious felony enhancement, the court relied on a 2015 conviction, as well as two recent misdemeanor convictions. In response to defendant's argument for striking the prior felony enhancement, the trial court explained that while defendant previously completed adult drug court and those programs may have been limited during COVID, other people managed to succeed during that same timeframe without "driving in such a condition[,] killing someone and injuring someone else." Because defendant had completed drug court but suffered further convictions, the trial court concluded defendant's ongoing danger to public safety, coupled with his recent criminal history, justified declining to strike the prior serious felony enhancement.

In imposing sentence, the trial court found the following aggravating factors: (1) defendant's prior conviction history, including two misdemeanors; (2) the increasing seriousness of defendant's criminal behavior; and (3) defendant's culpability following the accident. The trial court did not find any factors in mitigation.

At sentencing, defendant did not argue any applicable mitigating factors justified a lower term prison sentence on the vehicular manslaughter count. Nor did he object to the court's consideration of misdemeanors as prior convictions. Defendant also did not object when the trial court used the increasing seriousness and number of prior offenses, the danger defendant presented to society, or defendant's culpability following the accident to aggravate the term, deny probation, or decline to strike the prior serious felony enhancement. Accordingly, the trial court imposed a 15-year sentence, including the aggravated 10-year term for vehicular manslaughter and the five-year enhancement for the prior strike.

After the trial court declared sentence, defendant waived formal reading of the sentence and asked to be heard on fines and fees. The court granted defendant's request and he introduced evidence related to his ability to pay.

3

At the conclusion of the hearing, the court gave defendant the opportunity to be heard on anything further and he declined.

DISCUSSION

A.     *Upper term*

Defendant contends the trial court abused its discretion in imposing the upper term because it failed to consider factors in mitigation, erroneously considered defendant's misdemeanors as prior convictions, and purportedly applied dual use of facts at sentencing.  The People contend these issues are forfeited on appeal.  We agree with the People.

"[T]he right to challenge a criminal sentence is not unrestricted.  In order to encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims, reviewing courts have required parties to raise certain issues at the time of sentencing.  In such cases, lack of a timely and meaningful objection forfeits or waives the claim." (*People v. Scott* (1994) 9 Cal.4th 331, 351, italics omitted.)  The forfeiture doctrine applies to "claims involving the trial court's failure to properly make . . . its discretionary sentencing choices," including "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it . . . misweighed the various factors." (*Id*. at p. 353; accord, *People v. Scott* (2015) 61 Cal.4th 363, 406.)  For the forfeiture doctrine to apply, the trial court must give the parties a meaningful opportunity to object or seek clarification of potential errors in a sentence. (*People v. Gonzalez* (2003) 31 Cal.4th 745, 752.)

At sentencing, the trial court stated its reasons for denying probation, declining to strike the prior serious conviction, and imposing sentence.  After doing so, defendant asked the court if he could be heard on fines and fees and the trial court granted his request.  After resolving fines and fees, the trial court asked whether there was "anything further," but defendant did not speak up.  Despite being given two opportunities— including time to introduce evidence regarding fines and fees—defendant did not object

4

to the trial court's consideration of defendant's prior misdemeanors to impose the upper term. Defendant also did not argue the court should consider applicable mitigating factors to impose less than the 10-year upper term for the vehicular manslaughter count. Finally, defendant did not object to the trial court's purported dual use of facts concerning the seriousness of the accident as an element of the offense, being used both to impose the upper term and to deny probation. Accordingly, each of defendant's contentions are forfeited on appeal.

B.    *Motion to strike prior conviction*

Defendant also contends the trial court abused its discretion by refusing to strike the prior conviction enhancement. We disagree.

Trial courts have discretion to dismiss section 667, subdivision (a) enhancements. (*People v. Scarano* (2022) 74 Cal.App.5th 993, 1003, review granted June 1, 2022, S273830.) We review a trial court's decision not to strike a prior serious felony enhancement for abuse of discretion. (*People v. Shaw* (2020) 56 Cal.App.5th 582, 586-587.) A trial court does not abuse its discretion if it evaluates the nature of the offense and the background of the offender. (*Id*. at p. 587.) A trial court's ruling will not be disturbed, and reversal is not required, " ' " ' unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.' " ' " (*People v. Rogers* (2013) 57 Cal.4th 296, 326.)

In declining to strike defendant's prior serious felony enhancement, the trial court relied on the parties' arguments as well as the probation report. The court analyzed defendant's 2015 prior conviction, and prior completion of drug court, as well as his more recent misdemeanor convictions. The court also considered the nature of the current offense, finding that despite defendant's completion of drug court, he drove while under the influence, killing one and seriously injuring another. In evaluating the nature of the offense and defendant's background, the court concluded defendant still presented an ongoing danger to public safety. The trial court reasoned defendant's danger to

5

society weighed against striking the enhancement.  We find the rationale reaching this conclusion neither arbitrary nor capricious.  The trial court did not abuse its discretion.

DISPOSITION

The judgment is affirmed.


                                                        KRAUSE          , J.


We concur:


      ROBIE          , Acting P. J.


      BOULWARE EURIE , J.